**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-571C
(Filed: March 24, 2014)
(Not for Publication)

**FILED**

MAR 2 4 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANTHONY P. LANE,

       Plaintiff,

       v.

THE UNITED STATES,

       Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss this action. Because the Court lacks subject-matter jurisdiction, Defendant's motion to dismiss is **GRANTED**.

## Background[1]

In addition to the original complaint, Plaintiff filed four amended complaints, a motion to consolidate separate trials, and a motion for Title V disclosures and discovery.[2]

---

[1] This background is derived from the pleadings and motion papers: Compl., Aug. 12, 2013; Am. Compl., Aug. 16, 2013 ("First Am. Compl."); Am. Compl., Aug. 27, 2013 ("Second Am. Compl."); Am. Compl., Sep. 25, 2013 ("Third Am. Compl."); Am. Compl., Oct. 30, 2013 ("Fourth Am. Compl."); Def.'s Mot. Dismiss Compl., Nov. 15, 2013; Pl.'s Mot. to Consolidate Separate Trials, Nov. 15, 2013; Def.'s Resp. to Pl.'s Mot. to Consolidate, Nov. 22, 2013; and Pl.'s Reply to Mot. to Consolidate, Dec. 4, 2013.

[2] Plaintiff never filed motions for leave to amend, but the Court accepted the filings. The Court treats Plaintiff's Reply to its Motion to Consolidate as Plaintiff's Response to Defendant's Motion to Dismiss the Complaint and as Plaintiff's Reply to its Motion to Consolidate.

Plaintiff's complaint includes many allegations stemming from a landlord-tenant dispute with Pangea Ventures, LLC ("Pangea"), an owner and manager of property. Compl. 4, Aug. 12, 2013. Among Plaintiff's grievances, he asserts that he was improperly evicted from his residence by Pangea and other Defendants, that he suffered racial discrimination by Pangea, that his residence was tampered with by Defendants, and that governmental agencies, public officials, courts, and attorneys have not properly resolved his claims. Id. at 4, 55-57, 65-66, 76-77; Am. Compl. 2, Aug. 16, 2013 ("First Am. Compl."); Am. Compl. 2, Aug. 27, 2013 ("Second Am. Compl."); Am. Compl. 1-2, Oct. 30, 2013 ("Fourth Am. Compl."); Pl.'s Mot. to Consolidate Separate Trials 2, Nov. 15, 2013; Pl.'s Reply to Mot. to Consolidate 30, Dec. 4, 2013.

Plaintiff lists many defendants in his multiple filings, including federal, state and local public officials, agencies, courts, private individuals, and corporations, as well as the United States Government. Plaintiff states that the Defendants placed one or more "[t]orture device[s] on or around" his body and that Defendants' "representatives" obstructed Plaintiff's efforts to seek medical attention on national security grounds. Compl. 4. Plaintiff alleges other hostilities and conspiracies by the Government, including "[O]n 8-12-2013 at the Federal Court of Claims[, a government official] Shot Something from [his or her] side Striking plaintiff in his Side . . . the federal Court of Claims Security . . . [shot] me . . . in the back . . . ." Fourth Am. Compl. 4; see Am. Compl. 1, Sep. 25, 2013 ("Third Am. Compl."). Plaintiff further states that judicial resolution of these issues has been unfruitful due, in part, to collusion between judges, elected officials, and private individuals. Fourth Am. Compl. 2; Second Am. Compl. 2. Plaintiff claims violations of rights protected by the Constitution, 42 U.S.C. §§ 1983, 1985, and 1986, and the Geneva Convention. Compl. 1, 3.

The complaint includes an allegation of unpaid veterans' benefits since 1989. First Am. Compl. 1; Fourth Am. Compl. 3. Plaintiff attaches to the complaint a Certificate of Honorable Discharge from the Army National Guard of Arkansas, dated September 14, 1987, and a Certificate of Honorable Discharge from the United States Army, dated September 14, 1992. Fourth Am. Compl. 5, 6. Plaintiff also attaches two letters from the Department of Veterans Affairs addressed to the Plaintiff. The first, from the United States Department of Veterans Affairs ("VA"), Chicago Regional Office, dated March 11, 2013, states that Plaintiff's benefits claim is under consideration. Compl. 46. The second, from the Private Medical Records Retrieval Center, dated June 27, 2013, confirms Plaintiff's request for release of medical treatment records. Fourth Am. Compl. 7.

The complaint includes an allegation of unpaid Social Security benefits since 1989. Fourth Am. Compl. 3. Attached to the complaint is the first page of "Notice of Decision – Unfavorable" from the Social Security Office of Disability Adjudication and Review, dated July 19, 2013. Fourth Am. Compl. 8. This page states that the decision is "enclosed" and "see next page," but Plaintiff does not attach any additional pages. Id. Plaintiff also attaches to the complaint correspondence between 2009 and 2012, with the United States District Court for the Northern District of Illinois regarding Anthony P. Lane v. Social Security Administration, No. 09-C-3277. Compl. 36-39; Pl.'s Mot. to Consolidate Separate Trials 105-08, 113, 132. Plaintiff further alleges that, while testifying before a Social Security Administrative Law Judge (ALJ) on April 24, 2013, the ALJ "waived back in forth under his bench a pin like Instrument Toward my Liver/Gut area he knew he was hitting on the Injuries he is not a Dr." Compl. 42; see also id. at

2

4. In the attached "Further Request for Review of Hearing Decision/Order," Plaintiff alleges various problems with the ALJ's process. Id. at 42-43; see also Pl.'s Mot. to Consolidate Separate Trials 116-17.

Attached to the complaint is a "Notice of Intent to Enforce Lien and Fi[le] Suit," which Plaintiff filed with the Cook County, Illinois Recorder of Deeds on February 7, 2013, expressing Plaintiff's intent to enforce a $2 billion lien against various public officials and entities. Compl. 6.

Plaintiff asks this Court for release of veterans benefits from 1989 forward with interest, release of Social Security payments from 1989 forward with interest, relief for violations of Constitutional and civil rights, removal of implanted devices from Plaintiff, his residence, or surroundings, an order directing Defendants to cease their conduct, and an order assuming jurisdiction over Pangea v. Lane, No. 13 MI 704096 (Illinois Circuit Court of Cook County). Plaintiff also seeks enforcement of a $2 billion lien, removal of all records damaging to the Plaintiff, a public apology, student loan payment, $12 million, a home with 12 acres, cessation of any hostility toward the Plaintiff, and miscellaneous procedural determinations. First Am. Compl. 1-2; Second Am. Compl. 3; Third Am. Compl. 1; Fourth Am. Compl. 3-4; Pl.'s Mot. to Consolidate Separate Trials 3.

Plaintiff claims that this Court has jurisdiction under 28 U.S.C. §§ 1343, 1346, 1367, 1491, 1495, 1500, and 1631. Plaintiff also contends that this Court has jurisdiction because Plaintiff paid rent to Pangea using funds received through Social Security, Pangea receives Government subsidies, Pangea is owned by the Government, and Pangea's attorneys are Government attorneys. Compl. 1; Fourth Am. Compl. 1; Pl.'s Reply to Mot. to Consolidate 1. Defendant moves for dismissal for lack of jurisdiction. Def.'s Mot. Dismiss Compl. 4-5, Nov. 15, 2013.

## Discussion

### Jurisdiction

Plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence before the Court may proceed to the merits of the action. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Naskar v. United States, 82 Fed. Cl. 319, 320 (2008); Fullard v. United States, 78 Fed. Cl. 294, 299 (2007); BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007). When determining jurisdiction, the Court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Naskar, 82 Fed. Cl. at 320. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

Complaints drafted by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see

3

also Tindle, 56 Fed. Cl. at 341. Nevertheless, a plaintiff's pro se status does not excuse him from meeting this Court's jurisdictional requirements. Tindle, 56 Fed. Cl. at 341. Pro se litigants still bear the burden of establishing the Court's subject matter jurisdiction. Id. "[T]he court has no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard, 78 Fed. Cl. at 299.

The Tucker Act states that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). In other words, the Tucker Act confers jurisdiction upon the Court over cases in which a plaintiff identifies a Constitutional provision, statute, or regulation, which if violated, provides for a claim for money damages against the United States. See id. The Tucker Act provides a waiver of sovereign immunity enabling a plaintiff to sue the United States for money damages. Reid v. United States, 95 Fed. Cl. 243, 247 (2010) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)). The Tucker Act, standing alone, however, does not create a substantive right enforceable against the United States for money damages. Id. (citing United States v. Testan, 424 U.S. 392, 398 (1976)). A plaintiff must establish an independent right to monetary damages from the United States based upon a money-mandating source within a contract, regulation, statute, or Constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

**Contract**

To maintain a contract claim pursuant to the Tucker Act, a plaintiff must have privity of contract with the Government. Chancellor Manor v. United States, 331 F.3d 891, 899 (Fed. Cir. 2003); Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990). "The effect of finding privity of contract between a party and the United States is to find a waiver of sovereign immunity." Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998). The United States "consents to be sued only by those with whom it has privity of contract." Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984). "Absent privity between [plaintiff] and the [G]overnment, there is no case." Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed. Cir. 1994).

Plaintiff does not have an express or implied contract with the United States. That Plaintiff paid rent using Social Security money and Pangea, Plaintiff's landlord, receives government subsidies does not establish privity of contract between Plaintiff and the United States Government. See Potter v. United States, 108 Fed. Cl. 544, 547 (2013) (holding that the federal government's subsidizing of plaintiff's housing through federal housing funds and tax credits does not create a sufficient relationship with United States Government to find jurisdiction in landlord-tenant dispute); see also Aetna Cas. and Sur. Co. v. United States, 228 Ct. Cl. 146, 152 (1981) ("It is well-settled . . . that where the United States does not make itself a

4

party to the contracts which implement important national policies, no express or implied contracts result between the United States and those who will ultimately perform the work."). Plaintiff's lease was with Pangea -- not the United States Government. See Pl.'s Reply to Mot. to Consolidate 30.

### Veteran Disability Benefits and Social Security Benefits

In the absence of a contract, Plaintiff must establish a different right to money damages. See Martinez v. United States, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (citations omitted); see also Tippett v. United States, 185 F.3d 1250, 1254-55 (Fed. Cir. 1999) (citation omitted) ("When a contract is not involved, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a constitutional provision, a statute, or a regulation that provides a substantive right to money damages."), abrogation on other grounds recognized by Metz v. United States, 466 F.3d 991 (Fed. Cir. 2006); Mauras v. United States, 82 Fed. Cl. 295, 298 (2008) (citation omitted) ("Only Tucker Act claims not sounding in contract must seek money damages on the basis of a constitutional provision, statute, regulation, or executive order.").

This Court lacks jurisdiction over Plaintiff's claim for veteran disability benefits. See Janaskie v. United States, 77 Fed. Cl. 654, 657-58 (2007). To begin the claims process, a servicemember must file a veterans' disability benefits application with the Secretary of the VA. 38 U.S.C. § 5101(a) (2012). The claim will then be decided by the Secretary. 38 U.S.C. § 511. The decision made by the Secretary is "subject to one review on appeal to the Secretary." 38 U.S.C. § 7104(a). "Final decisions on such appeals shall be made by the Board [of Veteran's Appeals]." Id. If the claimant believes that a Board of Veteran's Appeal decision is in error, the claimant may appeal the decision to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a); see also Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1992). Any party may obtain review of the decision of the Court of Appeals for Veterans Claims by filing an appeal directly with the Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such matters. 38 U.S.C. § 7292(a), (c). The statute specifies the fora where Plaintiff may seek redress for denial of his disability benefits, and this Court is not among them.

This Court does not have jurisdiction to review Plaintiff's Social Security claim. Congress specifically vested judicial review of decisions by the Social Security Agency in the United States district courts. The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g) (2012) (emphasis added); see also Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (holding that the Court of Federal Claims lacks jurisdiction over claims for Social Security benefits). No decision regarding Social Security benefits "shall be reviewed by any person, tribunal, or governmental agency" except as provided by the Social Security Act. 42 U.S.C. § 405(h).

### Taking of Private Property

The Takings Clause of the Fifth Amendment to the Constitution prohibits the taking of private property for public use "without just compensation." U.S. Const. amend. V. "It is

5

undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." Jan's Helicopter Serv., Inc., 525 F.3d at 1309; see also Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005).

The eviction of Plaintiff from his residence by Pangea cannot constitute a taking of property for Fifth Amendment purposes because Pangea is not the United States Government. Plaintiff does not explain or substantiate the statement that "Defendant Pangea Ventures Are Owned Jointly by the United States Government Entities," other than to contend that Pangea receives government subsidies. Pl.'s Reply to Mot. to Consolidate 1. Receipt of government subsidies does not cause the recipient to become an agent of the government. See Potter, 108 Fed. Cl. at 547; see also Aetna Cas. and Sur. Co., 228 Ct. Cl. at 152. Additionally, there is nothing in the complaint, or its four amendments, that supports the statement, "Defendant's Pangea Ventures [attorneys] are Government [attorneys]." Pl.'s Reply to Mot. to Consolidate 1. Because Pangea is not the U.S. Government, the Court lacks jurisdiction over Plaintiff's claim against Pangea. See United States v. Sherwood, 312 U.S. 584, 588-89 (1941).

### Conclusion

The Court **GRANTS** Defendant's motion to dismiss. The Court directs the Clerk to dismiss this action for lack of jurisdiction.[3]

_____
MARY ELLEN COSTER WILLIAMS
Judge

---

[3] Because the Court is dismissing the complaint, Plaintiff's motion for Title V disclosures and discovery is moot.